# THIRD DISTRICT, 1895.

---

## Gulf, Colorado & Santa Fe Railway Company v. Hodge & Long.

### No. 1219.

1. **Damages for Breach of Contracts.**—In action for damages from breach of contracts, recovery can not be had for profits lost and for expenses on part of plaintiffs upon the contract.

2. **Station Agent—Duty of Railway Company to Furnish Cars.**—Action for damages from breach of a contract made by station agent for 150 cars, for use in shipping corn from Belton to Laredo. The contract by plaintiffs with the Laredo house, the purchasers of the corn, required plaintiffs to load the corn upon the cars at place of shipment, and did not require the delivery by plaintiffs at Laredo. It was therefore not necessary that the station agent have authority to make freight contracts from Belton to Laredo. Having authority to contract for supply of cars for the shipper, the railway company was bound by his contract to furnish the cars as to the contract declared on.

3. **Station Agent—Limit of his Apparent Duties.**—A local station agent in charge of a railway company's business at a station is presumed to have authority to represent the company in all matters connected with the transaction of its business at that particular station, but he is not presumed to have authority to act for the company at any other station; and when he attempts to do so, his act, until ratified, will not bind the company; E. G., the station agent at Belton, could not contract for furnishing cars at Temple, in same county, and bind the railway company.

4. **Pressure of Business.**—Railway v. Hume, 87 Texas, 220, adhered to. Pressure of business can not excuse the failure of the railway company to furnish cars contracted for by a shipper.

5. **Duty to Reduce Damages by Party Injured.**—The plaintiffs were not required in any attempt to lessen the damages resulting from the defendant's refusal to supply the cars as contracted for, to employ, or attempt to employ, another carrier to do that which the defendant had obligated itself to do, and the failure to do which constitutes the breach sued upon.

6. **Pleading—Practice.**—Action for damages upon breach of contract. The answer put in issue the existence of the causes of action sued on, but presented no question as to the ownership of the cause of action. Proof, therefore, that after suit was filed the plaintiffs had transferred their cause of action to a third person not a party to the suit, presents no defense.

7. **Agent Exceeding his Authority.**—A station agent having apparent authority to bind the railway in contracting for cars at his station, would not invalidate

contract made by him for cars, by exceeding his authority in contracting for shipment by a named route. Testimony to the agent's authority to bind the road as to the route would be immaterial.

8. **Irrelevant Testimony.**—An item of damages was loss of price on 4000 bushels of corn from the breach of contract to furnish cars. There was no averment of injury to corn accumulated, through exposure, etc. *Held*, error to admit testimony to the injury not alleged.

APPEAL from Bell. Tried below before Hon. W. A. BLACKBURN. The opinion gives a statement.

*J. W. Terry*, for appellant.—1. If the contract had been carried out, the plaintiffs would have realized a profit on the corn; damages caused by the breach of the contract was the loss of that profit; if the contract had been carried out the plaintiffs would have lost their time; lost the use of their machinery; would have lost the depreciation in the value of the same, including the lumber, and hence these items in the petition constituted no proper part of plaintiffs' damages; nor did the loss on 4000 bushels of corn sold at Belton constitute any part of the measure of damages, for the reason, that according to the petition, as claimed by the special demurrer, the said loss was embraced in the alleged loss of profits to the amount of $4440 on the 111 cars which the defendant failed to furnish. Railway v. Wesch, 85 Texas, 593; Railway v. Levy, 59 Texas, 548.

2. There is no conclusive presumption of law that a local agent of a railway company at a particular station has authority to contract for the shipment of freight, or to contract to furnish cars for the transportation of freight to a point beyond the line of his own road. Grover & Baker v. Railway, 70 Mo., 672; Railway v. McVey, 98 Ind., 391; 22 Am. and Eng. Ry. Cases, 382.

3. There is no presumption of law, prima facie or conclusive, that the local agent of a railway company at a particular station has authority to contract to ship freight from other stations on his line, and to furnish cars at other stations than the station at which he is agent, for the transportation of freight from such other station to points on the line of other railroads. Railway v. Stults (Kas.), 15 Am. and Eng. Ry. Cases, 97; Voorhees v. Railway, 71 Iowa, 735; 29 Am. and Eng. Ry. Cases, 322.

*Monteith & Furman*, for appellees.—1. The appellant is bound under the law to furnish cars for shipment of the corn from Belton and Temple to Laredo, and appellant contracted with appellees to furnish 150 cars for said purpose. Rev. Stats., arts. 4226, 4227a, secs. 1–3; Id., arts. 4251–4255; Easton v. Dudley, 78 Texas, 236; McCarty v. Railway, 79 Texas, 33; same case, 82 Texas, 608; Railway v. Wright, 1 Texas Civ. App., sec. 402; 4 Texas Civ. App., 91–101; Cross & Eddy v. McFadden & Logan, 1 Texas Civ. App., 464; Railway v. Nicholson, 61

Texas, 495; Railway v.McCorquodale, 71 Texas, 46; Harris v. Howe, Receiver, 74 Texas, 546.

2. A station agent of a railway company can bind it by verbal contract to furnish cars for the shipment of freight to a point beyond the line of its own road, unless the shipper knows that the agent has no such authority, and there was no evidence that the shipper in this instance had any knowledge of any want of authority on the part of E. A. Sterling, its station agent at Belton, or that anything occurred to put it upon notice of any want of such authority. Railway v. Hume, 24 S. W. Rep., 915; same case, 87 Texas, 211.

3. If a suit is instituted, and after its institution the cause of action is transferred to a third party, the suit should still be prosecuted in the name of the original plaintiff, unless there is some special cause brought to the notice of the court showing that it is necessary to protect the legal or equitable rights of the owner of the same. Wimbish v. Holt, 25 Texas, 673; Rogers v. Bass, 46 Texas, 519; Thompson v. Cartright, 1 Texas, 87; De Cordova v. Atkinson, 13 Texas, 372; Butler v. Robertson, 11 Texas, 142; Railway v. Gentry, 69 Texas, 631; Ins. Co. v. Ray, 50 Texas, 520.

KEY, ASSOCIATE JUSTICE.—The statement of the nature and result of the case in appellant's brief is as follows: In their original petition the appellees, being plaintiffs in the District Court, alleged, in substance, that on September 20, 1892, they made a contract with J. Valegas & Bro., of Laredo, to deliver to the said firm of J. Valegas & Bro., at Laredo, Texas, between the 20th day of September, 1892, and the 20th day of November, 1892, 150 cars of sound white corn, sacked in good sacks, f. o. b. Belton, or points taking the same rate of freight, at the price of 47½ cents per bushel, plaintiffs in said contract binding themselves to make daily shipments to the said J. Valegas & Bro. of two cars, and to continue shipping until they completed the 150 car loads, which must be delivered on said 20th day of November, 1892; that no cars would be received by the firm of J. Valegas & Bro., unless mutually agreed upon by the parties, after the said date; that on September 20, 1892, plaintiffs notified the defendant of the terms of said contract, and stated to defendant that the plaintiffs proposed shipping all of the said corn by its line of railroad and connecting lines to the said point of destination at Laredo, Texas, on or prior to November 20, 1892; that they on divers days, after the said date and prior to November 20, 1892, demanded verbally and in writing of the defendant to furnish 150 cars for the shipment of the said corn, and defendant then and there continuously promised, up to November 20, 1892, to furnish all of the said cars as requested, and held itself out as able and willing and bound to furnish the said cars; that, in anticipation of and upon making the said contract, plaintiffs purchased a lot of machinery, consisting of an engine and two corn shellers, at a reasonable cost of $891; $300 for lumber with which to construct corn sheds; that the defendant

knew of said purchase, knew that all of such machinery would be damaged by depreciation in not less than one-half of its cost price by use, and plaintiffs would suffer such damage in case they were not able to comply with their contract; that had the contract been complied with, the plaintiffs would have made a net profit of $40 per car on the corn; that defendant negligently, wantonly, and for the purpose of injuring plaintiffs, failed to furnish the cars as requested, and as said contract required, and only after continued urging furnished thirty-nine cars between said period of September 20 and November 20, 1892; that during all of said time, while defendant was refusing to furnish cars as aforesaid to plaintiffs, it was well supplied with cars, which it was furnishing to the shippers who made demand for the same subsequent to demand made therefor by plaintiffs, and after demands made for said cars by plaintiffs from defendant; that after defendant had failed to furnish cars, and only furnished thirty-nine cars during the period of shipment provided for in the contract, plaintiffs had on hand about 4000 bushels of corn, which they were compelled to sell at a loss of 20 cents per bushel; that by the delay and refusal of defendant to furnish cars, plaintiffs lost the value of their time, to their damage $600; they lost the value of the use of their machinery for two months, to their damage $600, and lost one-half of the value of the said machinery, to their damage $445; and they lost all the value of said lumber, to their damage $300; that by failure to ship 111 cars of corn, they were damaged in the sum of $4440; that on said 4000 bushels of corn, sold at a loss of 20 cents, they were damaged $800; wherefore they pray judgment in the sum of $7185.50.    Plaintiffs filed a trial amendment, in which they alleged, that the defendant was obligated to furnish cars to plaintiffs to load corn to be shipped to Laredo, even if the same was required to be shipped over another and a connecting line of railway, because they say defendant was a private corporation, and as such duly authorized to make contracts for the shipping of goods and property and bind itself thereby; plaintiffs allege, that before making any contract with J. Valegas & Bro., or immediately thereafter, the plaintiffs entered into a contract with the defendant, under the terms of which the defendant was to furnish the plaintiffs a sufficient number of cars at Belton and Temple, Texas, and places taking the same rate, between September 20 and November 20, 1892, 150 cars for corn. Plaintiffs offered all of their corn to defendant except one car shipped by the Missouri, Kansas & Texas Railway, upon which defendant protested, but permitting said single car to be shipped as above, claimed the right to ship the balance of the corn as per terms of the contract. Plaintiffs allege, that the other and connecting lines of railway were ready and willing to receive said cars of corn, and so notified defendant.    The defendant's answer is sufficient to raise all of the questions made by the assignments of error, and hence a statement of the same is not necessary.

There was a verdict and judgment for the appellees as follows: "We the jury find for plaintiff as follows: 111 cars of corn at $40, $4440; loss on 4000 bushels of corn, $560; total, $5000. [Signed] H. A. Wear, Foreman."

The appellant's motions for new trial and in arrest of judgment having been overruled, it has duly prosecuted this appeal.

With one exception this statement is correct. The pleadings raise no issue of the plaintiff's assignment of the cause of action sued on.

*Opinion.*—1. Appellant's special exception to some of the items of damage set up in appellees' petition should have been sustained. Appellees can not be permitted to recover the profit they would have made had there been no breach of the contract, and at the same time recover for the expense they would have incurred had the contract been performed by appellant. Had appellant performed its alleged obligation, appellees would have expended for machinery, lumber, labor, etc., as much as or more than they did expend, and therefore it is manifest that such expenditures were not a result of the breach of the alleged contract, and appellees can not recover both the profit they would have made upon, and the expenditure involved in procuring, shelling, and shipping the corn. However, as it is manifest from the verdict that the jury allowed appellees nothing on the items referred to, the error of the court in overruling the exception to the petition would not require a reversal of the judgment.

2. As we construe the contract between the plaintiffs and J. Valegas & Bro., the plaintiffs were not required to deliver the corn at Laredo, Texas. They were bound, at their own expense to place it on board the cars at Belton, Texas, or some other point having the same freight rate to Laredo. In other words, the contract required them to put the corn in such a condition that, if not promptly transported to Laredo, Texas, a railroad company would be responsible to J. Valegas & Bro.; and if appellant had furnished the cars, and, when loaded, issued bills of lading according to the usual course of business, appellees' contract with J. Valegas & Bro. would have been complied with, whether the latter ever received the corn or not. Hence, whether or not the station agent at Belton had authority to bind appellant to transport the corn beyond its line of road is not believed to be material. It was within the scope of his authority to contract on behalf of appellant to furnish cars at his station for the shipment of corn or any other freight. Easton v. Dupley, 78 Texas, 236; McCarty v. Railway, 79 Texas, 37; Railway v. Hume, 24 S. W. Rep., 515, affirmed on this point by the Supreme Court in 87 Texas, 211.

3. This case, however, goes further, and presents a question which, in so far as the researches of counsel disclose and the information of this court extends, has never been decided by an appellate court in this State. The plaintiffs' case is founded not only upon a failure to furnish cars at Belton, Texas, but rests largely upon a failure to fur-

nish them at Temple, Texas, another station on appellant's road; and the right to recover is based upon an alleged contract, and not upon the statutory right to have cars furnished within a reasonable time after written application. The testimony shows, that the expectation was to ship a considerable portion of the corn from Temple, that cars were repeatedly demanded at that station, and that at the time appellant finally refused to furnish any more cars, appellees had on hand a considerable quantity of corn at said station. No testimony was offered tending to show that the station agent at Belton had, or had ever been held out by appellant as having any authority to transact any business for it at Temple or any other point than his own station. Such being the case, it must be held that he had no authority to bind appellant to furnish cars or ship freight at any other station than Belton; and as the court in effect instructed the jury, that a contract made by said agent to furnish cars at other points on appellant's road having the same rate of freight would bind appellant, which charge is assigned as error, the judgment must be reversed. A local station agent in charge of a railroad company's business at a particular station is presumed to have authority to represent the company in all matters connected with the transaction of its business at that particular station; but he is not presumed to have authority to act for the company at other stations, and when he attempts to do so, his act, unless ratified, will not bind the company. In so far as we have been able to ascertain, such has been the holding wherever the question has been presented, and it is in harmony with the well-settled rule that a principal is not bound by a contract made by an agent that is not within the actual or apparent scope of the agent's authority. Voorhees v. Railway, 71 Iowa, 735; Railway v. Stults, 15 Kas., 97; 1 Laws. Rights, Rem. and Prac., sec. 79. We must therefore hold that appellees can not recover upon the contract for any failure to furnish cars at any other point than Belton, unless it shall be proved that a contract binding upon appellant was entered into, whereby it agreed to furnish cars at some other station.

Other objections to the court's charge are not regarded as tenable.

4. The fact that appellant, on account of an unexpected increase in the volume of business on its road or on those forming its connections, may not have been able to comply with its contract, is no defense to an action for a breach of the contract. Railway v. Hume, 87 Texas, 211.

5. Appellant assigns as error the court's refusal to give the following special charge: "That it was the duty of plaintiffs, if they found defendant unable or unwilling to carry out their contract, if you find a contract was made as alleged, to use due diligence to get some other railway company, if there was any other, to carry out the contract, and if you find they did not so use diligence or made no effort at all, then they are guilty of laches and contributory negligence on their part, and are not entitled to recover, and you will find for defendant."

This charge was properly refused. Whatever the complaining party may be required to do to lessen the injury resulting from a breach of contract, he certainly is not required to employ some one else to do that which the contract bound the other party to do, and the failure to do which constitutes the breach sued on.

6. Appellant's answer put in issue the existence of the cause of action sued on, but it presented no question as to appellees' ownership of the cause of action, if any ever existed; hence the proof, even without objection, that, after suit brought and before trial, appellees transferred their cause of action to a third person, not a party to the suit, constituted no defense. It is not necessary, therefore, to decide whether or not, had the transfer been pleaded as well as proved, it would have defeated appellees' right to maintain this suit.

7. If the testimony of appellee Hodge concerning the authority of station agents was not admissible, its admission was harmless error. As before said, whether or not the station agent at Belton had authority to bind appellant to transport the corn beyond its own line, is not believed by us to be material. He had authority to bind appellant to furnish cars at Belton, and if, in proving a contract to so furnish the cars, appellees should also prove that said agent undertook to bind appellant to carry the corn to Laredo, such additional proof would not impair the contract which the agent was authorized to make, and it would still be immaterial whether the agent had authority to contract for such through transportation.

8. The form of the verdict is objected to, because it uses the term "plaintiff" instead of "plaintiffs;" but as this question is not likely to arise again, we deem it unnecessary to decide it.

9. Part of the evidence complained of by the tenth assignment of error should have been excluded. Appellees charged in their petition that 4000 bushels of corn were left on their hands, which they sold at a loss of 20 cents on the bushel; but there was no averment that any of it was injured or lost by exposure, etc., and therefore the court erred in allowing appellees to testify to such injury and loss.

The judgment will be reversed, and the cause remanded for further proceedings in accordance with this opinion.

*Reversed and remanded.*

Delivered May 1, 1895.