SOUTHERN KANSAS RAILWAY COMPANY OF TEXAS v. C. B. COX.

Decided June 22, 1907.

**1.—Carrier of Live Stock—Station Agent—Authority.**

The station agent of a railroad company at one station has no implied authority to order cars for the shipment of cattle from another station.

**2.—Pleading and Proof—Variance.**

In a suit for damages to a shipment of cattle resulting from delay in furnishing cars, plaintiff having alleged that the cars were ordered by his agent at a certain station, evidence that plaintiff himself ordered the cars from a different station, will not support a judgment for plaintiff, although it appeared that the railroad company, acting upon the order given by the plaintiff himself, took steps to furnish the cars.

**3.—Cattle—Market Value—Evidence—Hearsay.**

Information received from cattle salesmen will qualify a witness to testify as to the cattle market on the day the enquiries were made and the information received, but not as to the state of the market on any other day.

Appeals from the District Court of Carson County. Tried below before the Hon. B. M. Baker.

*J. W. Terry* and *Hoover & Taylor*, for appellant.—It is error for a court to instruct a jury upon a phase of case not made by the testimony. Missouri, K. & T. Ry. Co. v. Miller, 15 Texas Civ. App., 430; Texas & P. Ry. Co. v. Hightower, 12 Texas Civ. App., 44; International & G. N. Ry. Co. v. Eason, 35 S. W. Rep., 208.

It is error for a court to instruct a jury that every station agent of a railway company has implied authority to bind the railway company by a promise to furnish cars for the shipment of live stock within a reasonable time after request made by the shipper, unless he further instructs them that this implied authority extends only to the agent's own station. Gulf, C. & S. F. Ry. Co. v. Hodge, 30 S. W. Rep., 829; Gulf, C. & S. F. Ry. Co. v. Dinwiddie, 51 S. W. Rep., 353; Missouri, K. & T. Ry. Co. v. Belcher, 88 Texas, 551; Gulf, C. & S. F. Ry. Co. v. Jackson & Edwards, 99 Texas, 343.

It is error for the court to permit a witness to testify to statements made to him by other parties, and it is error in the trial of a case to admit hearsay testimony. Southern Pacific Railway Company v. Maddox, 75 Texas, 307; Texas & N. O. Ry. Co. v. White, 62 S. W. Rep., 133; Texas & P. Ry. Co. v. Arnett, 13 Texas Ct. Rep., 547; Cameron Mill & Elevator Company v. Anderson, 9 Texas Ct. Rep., 333.

*Turner & Boyce,* for appellee.

CONNER, CHIEF JUSTICE.—In the court below appellee recovered a judgment against appellant for the sum of $386.72 as damages to two shipments of cattle, one from Panhandle, Texas, and the other from Pampa, Texas. The negligence relied upon and the cause of the damage charged was delay in furnishing cars at the respective points of shipment. The allegations on the subject are as follows:

"That heretofore, to wit, a few days prior to the 30th day of October, 1904, and again on the forenoon of said Oct. 30 plaintiff applied to the local agent of defendant at Panhandle, Texas, for two certain cars in which to transport from Panhandle City about eight head of steers, three head of cows and forty-one head of calves, and one J. E. Southwood for plaintiff also applied to defendant's local agent at Pampa for two certain cars in which to ship from Pampa, Texas, about seven head of cows, four steers and ninety-one calves, which plaintiff expected to ship on October 30, 1904, and defendant's said agents were then and there so informed, and that plaintiff and said Southwood were promised by said agents that they would have said cars ready for shipment on that date. That relying upon said promise plaintiff penned his cattle and had them ready on and prior to said 30th day of October, 1904, and they were ready then and there to load on the cars for shipment. . . .

"But the plaintiff alleges that the defendant, in total disregard of its said obligations, negligently failed and refused to have cars ready either at Pampa, Texas, or Panhandle, Texas, for the transportation of said cattle until the 31st day of October, 1904. By reason of which said cattle were forced to remain and did remain in the pens ready for shipment from October 30 to October 31, 1904, about 24 hours, without food or water," etc.

Appellee testified that he ordered the cars from the agent at Panhandle, Texas, and that he directed his agent Southwood to go through Pampa on his way for the cattle and order cars for the shipment at that point. The witness Southwood testified that he did not go through Pampa, but went direct into Gray County, some twelve miles from Pampa, and received the cattle to be shipped from that point; that they were mostly calves which were separated from their mothers and by him driven to Pampa, where he arrived about noon on Saturday, October 29, when he went to the agent at Pampa to ask for cars; that the cars did not arrive until Monday morning; that if it be assumed that the cars had not been ordered prior to the time he spoke to the agent about them, they arrived in Pampa, ready for shipment in a reasonable time. The appellee Cox, however, was permitted to testify that at the time he ordered cars for the Panhandle

shipment he also ordered cars for the Pampa shipment, and South-
wood further testified that when he first spoke to the agent at Pampa
on Saturday, October 29, the agent stated that he had been notified.

In the second paragraph of the court's charge he instructed the
jury to the effect that every station agent of a railway company
has implied authority to bind the company by a promise to furnish
cars for the shipment of live stock within a reasonable time after
request made by the shipper. The court also refused to give the
following special charge requested by the appellant: "In this case
the uncontroverted evidence shows that the plaintiff never ordered
any cars to be furnished at Pampa, Texas, in which to ship his
cattle on October 29, 1904, and you are instructed that you can not
find any damages against the defendant for any injury from any
cause for the cattle shipped from Pampa, Texas, and you are there-
fore instructed that as to the damage claimed upon the said ship-
ment from Pampa, to return a verdict for the defendant."

We think the special charge quoted should have been given. The
general charge submitted the issues of delay at both Panhandle and
Pampa, and the jury must have understood from the instruction
in the second paragraph referred to that appellee's order at Pan-
handle required the delivery of cars at Pampa within a reasonable
time after request. There is no other theory upon which a verdict
for damages because of the delay at Pampa, can be supported, for the
proof is direct and uncontradicted that Southwood, appellee's agent,
made no order at Pampa until Saturday, October 29, and that the
cars were delivered within a reasonable time thereafter. It has been
several times decided that an agent of a railway company has no im-
plied authority to order cars for another station. Missouri, K. & T.
Ry. Co. v. Belcher, 88 Texas, 551; Gulf, C. & S. F. Ry. v. Jackson &
Edwards, 99 Texas, 343, and Gulf, C. & S. F. Ry. v. Hodge, 30 S.
W. Rep., 829. The court's charge upon this subject under the peculiar
facts of this case was therefore probably misleading.

Appellee suggests that the evidence tends to show that the cars
were furnished at Pampa pursuant to appellee's order at Panhandle,
and that inasmuch as the appellant proceeded to act upon the order
and furnish cars thereunder, the Panhandle order constitutes a suffi-
cient basis for the recovery of the damages for delay at Pampa. It
is to be observed, however, that appellee presented no such ground
of recovery in his amended petition, from which we have quoted
and upon which the trial proceeded. The distinct ground of recovery
alleged is that Southwood made the order for cars at Pampa and
that they were not delivered within a reasonable time thereafter.
We conclude that the judgment must be reversed because of the errors
indicated.

In view of another trial we will briefly notice the appellant's ob-
jection to appellee's testimony on the issue of values at Kansas City,
the point of destination. Appellee's contention is that the cattle
should have arrived in Kansas City on November 1st, and he tes-
tified that they actually arrived on November 2d, when part of them
were sold and the remainder sold on November 3d. Over appellant's
objection that the testimony was hearsay appellee was permitted to

further testify that on November 2d and 3d he inquired of Mr. Fair, Charles Moore, Mr. Sanders, Wash Sanders and George Hibler, cattle salesmen, and ascertained the condition of the market on those days, and that the market on the 2d and 3d was from twenty-five to thirty cents lower than it was on the 1st of November, thus in effect testifying to the state of the market November 1st. It would seem that under the authority of Cliquot v. United States, 3 Wallace, 114, 18 Law Ed., 116, the inquiries made of the cattle salesmen named would qualify appellee to speak of the markets on November 2d and 3d, but the further statement that the markets on these days were twenty-five to thirty cents lower than on November 1st was clearly hearsay. To that extent at least the statements of the salesmen were but the mere relation of a condition in the past. Texas & Pac. Ry. Co. v. Arnett, 13 Texas Ct. Rep., 547; 1 Wigmore on Evidence, sec. 719; Southern Pac. Ry. Co. v. Maddox, 75 Texas, 307; Texas & N. O. Ry. v. White, 62 S. W. Rep., 133; Cameron Mill & Elevator Co. v. Anderson, 9 Texas Ct. Rep., 333.

Judgment reversed and cause remanded for a new trial.

*Reversed and remanded.*