ANDERSON v. ST. LOUIS, B. & M. RY. CO.

(Court of Civil Appeals of Texas. El Paso. April 10, 1913. On Rehearing, May 1, 1913.)

1. CARRIERS (§ 47*)—CONTRACT OF SHIPMENT —RAILROAD STATION AGENT—AUTHORITY.

Under the rule that a railroad station agent has no apparent authority to contract for the company for the shipment of goods from another station, an agent at a station to which goods are not consigned has no authority to contract to stop them at his station; nor has an agent at a different station authority to

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

contract for the reshipment of the goods from destination to his station.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 107, 108, 134–141, 204; Dec. Dig. § 47.*]

2. PLEADING (§ 291*)—ORAL CONTRACT—DENIAL UNDER OATH.

Where, in an action against a carrier for destroyed goods after it had become a warehouseman, plaintiff pleaded a contract with the carrier's agent to reship the goods to another station before the fire, but did not allege that this contract was in writing, defendant was not required by Rev. Civ. St. 1911, art. 1906, to deny its execution under oath, in order to prove its invalidity on the ground that its agent had no authority to make it.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 864, 865, 866½–879; Dec. Dig. § 291.*]

3. PLEADING (§ 291*)—DENIAL UNDER OATH —TRANSPORTATION OF GOODS—CONTRACT—RECEIPT.

An instrument given by a carrier's agent to the owner of certain goods, reciting that the agent had received from the owner, for reshipment of household goods from Brownsville to Houston, Tex., $10.25, was a mere receipt, and not a contract, the execution of which the carrier was bound to deny under oath before denying its validity.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 864, 865, 866½–879; Dec. Dig. § 291.*]

Appeal from District Court, Harris County; Wm. Masterson, Judge.

Action by O. S. Anderson against the St. Louis, Brownsville & Mexico Railway Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Cole, Wilson & Cole, of Houston, for appellant. Andrews, Ball & Streetman, of Houston, for appellee.

HIGGINS, J. Appellant filed this suit to recover the value of certain household furniture and wearing apparel destroyed by fire in appellee's depot at Brownsville, Tex., on August 1, 1911. It is alleged in the petition that plaintiff shipped such furniture and apparel from Phœnix, Ariz., to Brownsville, Tex., by virtue of a bill of lading issued by the initial carrier, and that the said shipment was made over the line of railroad of the defendant as a connecting carrier; that plaintiff desired the shipment stopped at the station of San Benito, and requested defendant's agent thereat to stop said shipment upon arrival there, and the agent promised to do so; that thereafter plaintiff came to Houston, Tex., and requested the agent at San Benito to notify him when the shipment arrived at that place; that thereafter plaintiff inquired of defendant's agent at Houston, Tex., whether the shipment had arrived at San Benito, and was, advised that the same was in Brownsville, where it had been since July 22, 1909; that on July 29, 1909, plaintiff paid to defendant's agent at Houston, Tex., the sum of $10.25, and defendant agreed to deliver the shipment at its freighthouse in Hous-

ton, Tex.; that defendant issued and delivered to plaintiff, on July 29, 1911, a receipt for said sum of $10.25, and assured the plaintiff the furniture and apparel would be shipped immediately to him at Houston, Tex.; that said furniture and apparel were destroyed by a fire which consumed defendant's depot at Brownsville, Tex., on August 1, 1911, and that by the wrongful delivery of the same at Brownsville, instead of at San Benito, said furniture and apparel would not have been destroyed by fire; wherefore defendant was liable for the value thereof in the sum of $728; and that defendant was also liable for the reasonable value thereof because it was a common carrier and had said shipment in charge for the purpose of shipping the same to plaintiff at Houston, which defendant had agreed to do on July 29, 1911.

The defendant answered: That on June 28, 1911, plaintiff shipped such furniture and apparel from Phœnix to Brownsville, and that the shipment went over defendant's line of railroad from the city of Houston to Brownsville. That the shipment was made by virtue of a written contract delivered to plaintiff by the initial carrier at Phœnix, acting for itself and its connecting carriers, which contract was signed and accepted by plaintiff, and that same contained the following provisions:

"Sec. 1. For loss, damage or delay caused by fire occurring after 48 hours (exclusive of legal holidays) after notice of the arrival of the property at destination * * * has been duly sent or given, the carrier's liability shall be that of warehouseman only."

"Sec. 5. Property not removed by the party entitled to receive it within 48 hours (exclusive of legal holidays) after notice of its arrival has been duly sent or given, may be kept in car, depot or place of delivery of the carrier, or warehouse, subject to a reasonable charge for storage, and to carrier's responsibility as warehouseman only. * * * "

That the shipment arrived at its destination in Brownsville on July 22, 1911, and on July 25, 1911, defendant duly gave notice to plaintiff of the arrival of the shipment. That for more than 48 hours thereafter, exclusive of legal holidays, and up to and including the 1st day of August, 1911, plaintiff failed to remove said goods, and upon the last-named date same were destroyed by fire which consumed its depot in Brownsville. Wherefore the defendant averred that at the time said goods were destroyed, and for some days prior thereto, its liability as a common carrier had ceased, and that it should not be held liable for said loss thereof, except for failure to exercise ordinary care.

An oral agreement made by defendant's agent at Houston, Tex., for the reshipment of said goods from Brownsville to Houston

was proven as alleged, and likewise the payment of the freight charges of $10.25, and that receipt to cover such payment was given, as follows: "Received of O. S. Anderson for reshipment of household goods from Brownsville, Texas, to Houston, Texas, the sum of $10.25. [Signed] St. Louis, Brownsville & Mexico Railway Co."

The goods were destroyed by fire, as alleged in defendant's answer, and there was no proof of any failure upon its part to exercise ordinary care.

Upon trial the court gave a peremptory instruction as follows: "In this case the plaintiff having predicated his right to sue herein upon the fact that defendant was liable to him as a common carrier, and the evidence introduced by plaintiff showing, to the satisfaction of the court, that defendant's liability, if any there existed, was one of a warehouseman (and not that of a common carrier), and plaintiff offering no evidence of defendant's liability thereunder, you are therefore instructed to return a verdict in favor of the defendant." Verdict in defendant's favor was accordingly returned, upon which judgment was rendered, and this appeal is prosecuted therefrom.

[1] That appellee's agent at Houston had no authority to enter into the contract pleaded for the transportation of the goods from Brownsville to Houston is clear. Railway Co. v. Belcher, 88 Tex. 549, 32 S. W. 518; Railway Co. v. Hodge, 10 Tex. Civ. App. 548, 30 S. W. 829. In the absence of a valid contract for the reshipment of the goods, appellee was therefore holding the same at its depot in Brownsville as a warehouseman by virtue of the provisions quoted of the original contract of shipment, and there being no evidence which would render it liable as a warehouseman for the loss of the goods the court therefore properly gave the peremptory instruction.

[2] But it is insisted that appellee could not avail itself of the want of authority upon the part of the agent at Houston to make the contract for the reshipment of the goods, because his authority to make the same had not been denied under oath. Article 1906, Revised Statutes of 1911, requires a denial under oath of the authority to execute any instrument in writing which is charged to have been executed by the authority of the party sought to be charged, and upon which any pleading, in whole or in part, is founded. In the instant case the contract of reshipment is not alleged to have been in writing, and there was therefore no necessity for the defendant to deny under oath the authority of the Houston agent to make the contract.

[3] It is insisted that the cause of action is based upon the written receipt, which was alleged to have been executed, but we do not so construe the pleading. We have quoted above the substance of the pleading, and it will be noted that the same does not predicate the right of recovery upon any contract contained in a written receipt. However, if it be conceded that the pleading does base the right of recovery upon the receipt, then it is apparent that there is a failure of proof in this respect, since the written receipt does not in any wise purport to evidence any contract of shipment. It merely acknowledges the receipt of the sum therein mentioned for the reshipment of the goods from Brownsville to Houston, and can in no sense be regarded as a contract of carriage. It was a receipt, and nothing more. It is manifest that the agent at San Benito had no authority to make the contract for the stoppage of the goods at that station, and no right of recovery could be predicated thereon, and no such contention is here made.

Being of the opinion that under the evidence the court properly instructed in favor of defendant, we therefore affirm the judgment.

## On Rehearing.

Appellant's counsel seem to labor under the impression that this court held the written receipt issued by the agent of appellee was not admissible in evidence without proof of its execution, and that appellee could question the authority of the agent to execute and deliver such receipt.

A very lengthy argument has been filed combating this supposed holding, and we are referred to numerous cases, including Sawyer v. Dulany, 30 Tex. 479, Lewis v. Lowery, 31 Tex. 664, Railway Co. v. Gober, 125 S. W. 383, Pullman Palace Car Co. v. Booth, 28 S. W. 719, and May v. Pollard, 28 Tex. 677. In view of the provisions of article 1906, Revised Statutes of 1911, there can be no doubt that there is no necessity for proving the execution of such a receipt, in the absence of a sworn plea of non est factum. It is equally clear that, in the absence of a sworn denial of the authority of the agent to execute the same, his authority so to do could not be questioned. The appellee is not here contending, nor has this court held, that it was necessary to prove the execution of the receipt, or that the authority of the agent to execute the same could be questioned. The petition does not declare upon the receipt as evidencing the contract of reshipment, and plaintiff in his evidence did not rely upon same, but proved an oral contract. The written receipt described in the pleading and the proof thereof was merely to the effect that the consideration for the reshipment of the goods had been paid. Under such circumstances, without in any wise impeaching the receipt for the money, it is nevertheless clear that appellee, without any sworn denial of the authority of its agent to make the proven oral contract of reshipment, was clearly entitled to avail itself of such want of authority. Had appellant declared upon the written receipt as evidencing the contract of shipment as well as the fact of payment, and had his proof sustained such allegation,

the case of Sawyer v. Dulany would, perhaps, be applicable; but in the instant case neither the pleading nor the proof falls within the rule enunciated in the case cited. The pleading having in general terms alleged a contract of reshipment, and the proof offered in support of this allegation disclosing that the contract declared upon was an oral one, it therefore necessarily follows that appellee could avail itself of its agent's want of authority to make such contract without a sworn denial thereof, and this inevitable conclusion is in no wise affected by article 1906, which precludes appellee from questioning the authority of its agent to give a written receipt for the money paid for the reshipment of the goods, and of the rule which authorizes appellant to introduce such receipt in evidence without proof of its execution.

The decision herein reached in no wise conflicts with the cases cited, and the motion for rehearing, as well as the motion to certify the question to the Supreme Court, are both overruled.