## CAMERON COUNTY WATER IMPROVE-MENT DIST. NO. 1 v. GREGORY. (No. 7702.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 16, 1927.)

**1. Waters and water courses ⬤⟿261—Defendant's mistaken belief that plaintiff had agreed to cut canal was no defense to action for failure to deliver water under contract.**

Mistaken belief of defendant water improvement district that plaintiff had agreed to cut canal necessary to irrigate his land was no defense to action for damages for defendant's failure to deliver water in accordance with contract.

**2. Waters and water courses ⬤⟿261—Defendant could not justify breach of contract to furnish water on ground that plaintiff might have constructed necessary canal.**

Since it was primary duty of defendant water improvement district to furnish water in sufficient quantities to irrigate plaintiff's crops in accordance with contract, defendant could not justify its breach by saying that plaintiff might have performed defendant's contract by constructing canal necessary to irrigate plaintiff's land.

**3. Waters and water courses ⬤⟿263—Whether landowner did all that ordinary person would do under irrigation contract when he built push lateral was question for jury.**

In action by landowner for damages for breach of contract to furnish water for irrigation purposes, whether landowner did all that ordinary person was reasonably required to do when he built push lateral was question of fact for jury.

**4. Waters and water courses ⬤⟿263—Whether landowner, as ordinary prudent person, should have cut canal for irrigation purposes, held question for jury.**

In suit for damages for breach of contract to furnish water for irrigation purposes, whether ordinary prudent person in landowner's place would have cut canal without there first having been established therein gate and lock was question of fact for jury.

Appeal from District Court, Cameron County; A. M. Kent, Judge.

Action by M. P. Gregory against the Cameron County Water Improvement District No. 1. From a judgment for plaintiff, defendant appeals. Affirmed.

Rentfro & Cole, of Brownsville, for appellant.

Seabury, George & Taylor, of Brownsville, for appellee.

COBBS, J. Appellee sued appellant for damages for breach of an express contract, under the terms of which appellant was to furnish appellee water to irrigate properly and sufficiently the crops to be grown upon the land in controversy.

Appellee alleged in his pleading the making of the contract in the fall of the year 1923 with appellant, under the terms of which appellant agreed to furnish water in sufficient quantities and at the proper times for the purpose of irrigating farm block No. 137, of the Creekmore farm, and did on or about the 20th day of March, 1924, purchase a water ticket for the purpose of irrigating 40 acres of corn to be planted on said farm block No. 137; that said district received his money and agreed at that time to furnish him water. Appellee also alleged that irrigation was necessary in order to raise the crops in question. Appellee further alleged that, after the making of the contract in 1923 and the purchase of the water ticket on March 20, 1924, the manager of said district at that time again promised to furnish him water for the purpose of irrigating his crops. Appellee also alleged the preparation of his land and reliance upon said contract, the crops that he would have planted and did plant, the cost of the marketing and harvesting, and the expenses incidental thereto, and the market value of said crops, all of which he offered ample proof, as is established by the verdict of the jury. Appellant knew that it had not constructed its irrigation ditches to appellee's land, and being under the law in full charge of its water, it likewise is charged with notice that appellee had never received his water. Appellant had equal knowledge with appellee of the consequences of the failure of appellant to furnish water in pursuance of its contract, and had greater opportunity to construct its canal than had appellee, because appellee had no right until long after appellant had breached its contract to go upon appellant's canal and cut the same.

The cause of action was generally denied by appellant, and in bar of which appellant had pleaded contributory negligence on the part of appellee, and upon the issues thus made the case was tried before a jury, upon special issues, and, in accordance with their findings, judgment rendered on June 8, 1926, for appellee for the sum of $1,489.52, with legal interest from date of judgment and costs.

Appellant presents but two propositions of law, as follows:

"First. One whose property is endangered or injured by the negligence of another must exercise reasonable care to protect it from threatened or further injury.

"Second. In order to charge one with loss and damage arising from mistake, it must be shown that no due diligence could have been used which would have prevented the loss."

We shall lose no time in a discussion of the first proposition, for it is correct as an abstract proposition of law, and appellee says in reply thereto:

---

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"We do not dispute, and may be stated to be, one seeking to recover damages for breach of contract is required to exercise ordinary care and prudence for the purpose of mitigating his damages. This is, in general, the proposition which may be carved out of the two propositions propounded by appellant in its brief. As an abstract proposition, as before stated, we find no fault in the correctness of this proposition."

It was the primary duty of appellant to furnish appellee water as contracted for to irrigate appellee's crops. Appellant had equal opportunity to construct the canal through which appellant was to furnish water, and, having equal knowledge of the consequences of the failure to furnish the same, it cannot be heard to say as a defense that appellee might have performed the contract of appellant by constructing the canal connecting it with the push lateral leading to appellee's land.

[1] The jury found that appellant entered into a contract to furnish appellee with water to irrigate the crops to be grown on his land, and that the contract was breached by appellant, and found the amount of damages resulting therefrom. No issue was submitted to the jury as to whether or not appellee used and exercised ordinary care to minimize his damages resulting from appellant's failure to furnish him water under the terms of the contract. The evidence was sufficient to support the judgment that appellee exercised ordinary care and prudence in failing to cut the Sumner canal and connect with the lateral push leading to appellee's land. The mistaken belief of appellant that it had contracted with appellee to cut Sumner's canal operates as no defense to the action for damages for failure to obtain water in accordance with the contract.

[2] It being the primary duty of appellant to furnish the water in sufficient quantities to irrigate appellee's crops appellant cannot justify its breach by saying appellee might have performed appellant's contract by constructing the canal in question by connecting the same up with the push lateral leading to appellee's land. 17 Corpus Juris, p. 774; Ash v. Soo Sing Lung, 177 Cal. 356, 170 P. 843; Dubois v. Hermance, 56 N. Y. 673; Yamaoka v. Kloeber, 71 Wash. 598, 129 P. 387; Pierpont Mfg. Co. v. Goodman Produce Co. (Tex. Civ. App.) 60 S. W. 347; Pecos River R. Co. v. Latham, 40 Tex. Civ. App. 78, 88 S. W. 392; St. Louis, etc., Ry. Co. v. Mackie, 71 Tex. 491, 9 S. W. 451, 1 L. R. A. 667, 10 Am. St. Rep. 766; Gulf, etc., Ry. Co. v. Hodge, 10 Tex. Civ. App. 543, 30 S. W. 829.

Appellant agreed to furnish water to irrigate appellee's crops, and the jury found the amount of damages suffered from the breach. No issue was submitted to the jury as to whether appellee used and exercised ordinary care to minimize his damages as a result of appellant's failure to furnish him water in accordance with the contract. The evidence was sufficient to support the judgment that appellee exercised ordinary care and prudence in failing to cut what is known as Sumner's canal to connect with the push lateral to appellee's land, and the mistaken belief that it had so contracted cannot be set up as a defense against the action for damages for failure to secure water as contracted for.

The finding of the jury in answer to question No 9, that appellee never agreed to cut the Sumner canal and connect the same with the push lateral from the bar pit thereof connecting farm block No. 137 of the Creekmore farm, is fully supported by the testimony. Kinney on Irrigation & Water Rights, vol. 3, § 1668; Cameron County Water Imp. Dist. No. 1 v. Daniels (Tex. Civ. App.) 269 S. W. 1066; Barnhart v. Hidalgo County Water Imp. Dist. No. 4 (Tex. Civ. App.) 278 S. W. 499.

[3, 4] Perhaps if there was water in the Sumner canal, and if the same had been properly connected with the push lateral built by appellee, and appellee could have controlled the water, if there had been sufficient quantity, he could have gotten water to have irrigated his land; but the question as to whether or not appellee did all that an ordinary person was reasonably required to do when he built the push lateral is a question of fact which was not submitted to the jury, and the further question as to whether or not an ordinary prudent person would have cut the Sumner canal without there first having been established therein a gate and lock with which to control the water is also a question of fact which was not submitted to the jury. It is appellee's contention, as shown by the testimony of Nichols and appellee, that, in order for appellee to have obtained water through the Sumner canal by connecting the same to the push lateral that he had constructed from the bar pit of said Sumner's canal to block 137, it was necessary to install a gate and lock. This record shows that the Sumner stub was a rather large canal, and, without the installation of a gate and lock as a part of the proper connection with the push lateral built by appellee, the large head of water in all probability would have eventually washed out the embankments of the Sumner canal where cut, and the owners of the adjacent lands would have probably sustained a large damage, and appellee would have been powerless to stop the water from coming into the push lateral, and, when the water was raised in the Sumner stub for the purpose of irrigating other lands, it would have probably run out at the tail end of the push lateral and flooded the whole country. There is ample and sufficient testimony to support the judg-

ment of the trial court in finding, as he necessarily found, in rendering judgment for appellee. Appellee had done and did do everything that reasonable prudence enjoined upon him to do to mitigate his damages, and, notwithstanding appellee had done this, he had been damaged in the amount as found by the jury.

The issues were fairly submitted to the jury, and there was ample testimony to support them.

A careful examination of the record satisfies us that the case was fairly tried, and we find no assignment containing such error as would require a reversal of the judgment, and it is affirmed.