[Civ. No. 729.   Third Appellate District.—October 18, 1910.]

## J. W. McPHERSON, Respondent, v. ALTA IRRIGATION DISTRICT et al., Appellant.

Ditch of Irrigation District Crossing Creek—Judgment for Wasteway—Noncompliance—Obstruction With Boards—Damages for Overflow—Injunction.—Where plaintiff's predecessor in interest had obtained a judgment requiring an irrigation district, the ditch of which crossed Sand creek, forthwith to place on the upper and lower side of the ditch a wasteway one hundred feet wide, for the

14 Cal. App.—23

reception and flow of said creek in time of high water, and it failed to comply with said judgment, but made the wasteway only forty feet wide on the upper side, and twenty feet on the lower side, and obstructed the lower side with boards, causing an overflow on plaintiff's land, to his damage in the sum of $600, he is entitled to judgment therefor, and to enjoin the obstruction of the wasteway with boards.

Id.—Double Violation of Right by Irrigation District.—The evidence being sufficient to show that the overflow of plaintiff's land, and the damage to his trees, was caused by the acts of the irrigation district, such acts were not only clearly in violation of the valid order of the superior court, but were also in noncompliance with the statutory duty imposed upon it by section 38 of the Wright Act, requiring its board, when the route of its canal crosses any stream of water, to "restore the same when so crossed or intersected to its former state as nearly as may be, or in a sufficient manner not to have impaired unnecessarily its usefulness."

Id.—Just Judgment.—The injury to plaintiff being the direct result of a breach of obligation on the part of the irrigation district and its board of officers, defendants, and the evidence showing that the award of damages was not excessive, the judgment is manifestly just, and should be upheld, where no prejudicial error appears or is pointed out in the record.

Id.—Injunction Impairing Usefulness of Canal—Res Adjudicata.—The question whether the injunction to prevent obstruction of the wasteway with boards will impair or destroy the usefulness of the canal was determined by the former adjudication, the judgment in which is conclusive between the parties to this proceeding.

Id.—Findings Supported by Evidence.—It is held that all of the findings in favor of the plaintiff and against the defendants are supported by the evidence.

Id.—Peaceable Possession of Defendants—Absence of Evidence or Plea.—Where there is no evidence to show that the ditch of the irrigation district had been permitted peaceably to remain in the condition shown by the evidence when the injuries were committed, and there is no plea on that subject, an interruption of possession could neither be proved by plaintiff in chief, nor in rebuttal, there being nothing to rebut. If defendants had desired to rely upon peaceable possession, they should have put it in issue.

APPEAL from a judgment of the Superior Court of Tulare County, and from an order denying a new trial. P. W. Bennett, Judge.

The facts are stated in the opinion of the court.

Bradley & Farnsworth, and Power & McFadzean, for Appellants.

Lamberson & Lamberson, for Respondent.

BURNETT, J.—The defendant, Alta Irrigation District, is a public corporation, organized under what is commonly known as the Wright Act, and the other defendants were directors of said corporation during the time when the acts complained of were committed. As stated by respondent, the plaintiff is the successor in title and estate to the Visalia Savings Bank. By the latter an action was begun in 1897 in the superior court of Tulare county against the said district in which a judgment was obtained by plaintiff, providing, among other things, that the defendant "forthwith place on the upper side of its said ditch, at the intersection of said ditch with the principal channel of said creek (Sand creek), a suitable wasteway or weir' for the reception of said waters of said stream which may flow down the same at times of high water, and that said wasteway be at least one hundred feet in width, and that said defendant forthwith place on the lower side of its said ditch at said point a wasteway for the purpose of permitting the waters of said stream to escape from said ditch into the channel of said stream below said ditch and that said wasteway be at least one hundred feet in width." It appears that the Alta Irrigation District did not comply with the order of the court to the extent of placing a wasteway of sufficient width to enable the waters of the ditch to cross the canal. One was constructed of the width of forty feet on the upper side and but twenty feet on the lower side of said canal. This was insufficient to carry the water at times and, besides, the flow was obstructed by boards placed in the lower opening. The result was that water and sand filled up the creek channel and the water overflowed the lands of plaintiff and killed a large number of his trees, to his damage in the sum of $600, as found by the court. Plaintiff was also awarded an injunction restraining the defendants from putting or maintaining any boards in said wasteway "in the south bank of the ditch or canal of the defendant Alta Irrigation District where the said ditch or

canal intersects and crosses the channel of Sand creek near the south boundary line of the land of plaintiff and from keeping or maintaining the same therein, and from preventing the plaintiff, his agents and employees, from removing said boards from said wasteway, should said boards at any time be placed therein, at all times when the waters flowing down the channel of said creek flow as far as to the said ditch or canal of said defendant the Alta Irrigation District at the point of location of said wasteway.''

There is evidence that the overflow of plaintiff's land and the damage to his trees was caused by the acts of defendants hereinbefore specified. We have, therefore, clearly a case of the violation of a valid order of the said superior court and also of a failure to comply with a statutory duty imposed by section 38 of said Wright Act, providing that: ''The board of directors shall have power to construct the said works across any stream of water, watercourse, street, avenue . . . which the route of said canal or canals may intersect or cross, in such manner as to afford security for life and property; but said board shall restore the same when so crossed or intersected to its former state as nearly as may be, or in a sufficient manner not to have impaired unnecessarily its usefulness.'' The injury to plaintiff being the direct result of the breach of an obligation on the part of defendants and the evidence showing that the award was not excessive, the judgment is manifestly just and should be upheld unless a reversal is demanded by some prejudicial error appearing in the record. Nothing of the kind is pointed out, and we cannot be expected, of course, to make an independent investigation to discover some ground not designated by counsel for interference with the action of the court below.

Appellants complain that the enforcement of the injunction will impair or destroy the usefulness of the canal, but that question was determined by the former adjudication and said judgment is conclusive between the parties here. Besides, no reference is made to any part of the transcript disclosing any evidence to support the contention.

The nearest approach to any definite assignment of error in the brief of appellants is the specification that finding 1, to the effect that the board of directors of the district maintained boards in the wasteway by force of arms from Feb-

ruary 17 to May 20, 1907, and that they refused to permit these boards to be removed, and finding 3, that they believed that they had a right to keep the boards in the wasteway at all times; that they would continue to do so and would continue to prevent the plaintiff from taking them out at all times when there was water in the channel of said creek unless restrained by injunction, are unsupported by the evidence. Reference is made to the testimony of plaintiff that Mr. Toler, the ditch tender, took the boards out on each occasion when the waters of Sand creek rose to a great height; that he was there to take them out when the waters got so high in Sand creek that the Alta canal would not carry it and that it was plaintiff's understanding that Mr. Toler was acting under instructions from the managers of the Alta in doing what he did. It is manifest, however, that some of these particular findings may be disregarded, as it is clear that defendants were maintaining said boards in said wasteway and that they intended to maintain them in the future, and that plaintiff's rights were thereby invaded and his property injured. These latter considerations found by the court are sufficient to support the judgment. But the findings assailed are entirely justified by certain facts detailed by the witnesses as follows: The plaintiff removed the boards on several different occasions and they were put back by the defendants, and guards were stationed there day and night, relieving each other, from April 18th to March 20th. On April 19th plaintiff attempted to take the boards out, but was prevented from doing so by the said Toler. The attitude of the board is further shown by the testimony of one of the defendants, H. R. McGee, that "Nobody was ever injured by keeping the boards in the wasteway, either. I know Mr. McPherson complained about that. He complained that injury was done by keeping those in the wasteway, but I know it was not a fact. We could very easily have obviated that difficulty and put him in the wrong by opening the wasteway. I didn't do it because I didn't want to. I don't understand that is the law." There is evidence also that Mr. McGee said he would keep the waters of Sand creek in the ditch if one-half the men in Orosi lay in jail while the other half kept it there. The whole conduct of defendants, indeed, shows that they claimed the right to remove and replace the boards at their own volition and in

accordance with their own judgment as to the necessities of the case. The findings of the court, however, amply supported by the evidence, were opposed to this view.

The suggestion of appellants that as the ditch had been permitted to remain across the channel of Sand creek for a great number of years plaintiff must be deemed to have acquiesced in the existing condition of things is satisfactorily answered by respondent as follows: "This contention cannot prevail for the reason that there is no evidence upon this subject as to whether or not the ditch had been permitted peacefully to remain in its condition as shown by the evidence at the time the injuries were committed or otherwise. It is shown by the record that an action had been commenced some years ago by the Visalia Savings Bank to compel the district to place a wasteway through the canal for the purpose of permitting the waters of Sand creek to flow through the same, but there was no evidence by either side as to whether the keeping of the ditch and its banks across said channel had been permitted in a peaceful manner for any length of time whatever. Evidence of interruption by cutting the banks of the ditch for the purpose of allowing the waters of Sand creek to flow through the same could not have been introduced by the plaintiff in this case in chief, nor could it have been introduced in rebuttal, because the defendants offered no evidence upon that subject, and there was neither plea in the answer nor evidence tending to show the quiet or peaceable possession by the defendants of the canal in the condition in which it was found by the evidence in this case." If defendants had desired to rely upon such consideration, they should, of course, have put it in issue.

There is apparently no reason why we should disturb the conclusion of the trial court, and the judgment and order denying the motion for a new trial are affirmed.

Chipman, P. J., and Hart, J., concurred.