**CAMERON COUNTY WATER IMPROVEMENT DIST. NO. 1 v. DANIELS.**
· (No. 7310.) ,

(Court of Civil Appeals of Texas. San Antonio. March 4, 1925.)

**1. Waters and water courses 263—Allegation land requiring water supply was within district held sufficient, in absence of special exception.**

In action for damages for failure of district organized under Vernon's Sayles' Ann. Civ. St. 1914, art. 5107—1 et seq., and Supplements, to furnish water for irrigation, allegation that plaintiff's land was located within bounds of district was sufficient, in absence of special exception.

**2. Waters and water courses 254—Immaterial that plaintiff's land was not part of district contracting to supply water.**

In action for damages for district's failure to supply water for irrigation, it was immaterial that plaintiff's land did not strictly form part of district, where district had in fact agreed to furnish plaintiff water.

**3. Waters and water courses 254—Water improvement district held to have ratified act of tax collector binding it to furnish water.**

Where tax collector of water improvement district accepted payment in advance, issued official receipt, and promised in behalf of district to furnish water for irrigation, the district by retaining money and attempting to furnish promised water ratified acts of collector, and is estopped to plead ultra vires or collector's want of authority.

**4. Waters and water courses 254 — Water improvement district held bound to furnish water, though statutory statements were not furnished.**

Water improvement district, which through its officers assumed obligation of furnishing plaintiff water for a valuable consideration, which it retained, was bound thereby, though it did not appear that plaintiff furnished district with statements and data prescribed in Vernon's Ann. Civ. St. Supp. 1922, art. 5107—95, or that his land was assessed for maintenance and operation purposes, or that he paid such assessment.

Appeal from Cameron County Court; Oscar C. Dancy, Judge.

Action by L. I. Daniels against the Cameron County Water Improvement District No. 1. Judgment for plaintiff, and defendant appeals. Affirmed.

Rentfro & Cole, of Brownsville, for appellant.

Carter & Stiernberg, of Harlingen, and H. G. Hart, of Houston, for appellee.

SMITH, J. The Cameron county water improvement district No. 1, appellant herein, was created and is operating under and by virtue of the provisions of article 5107—1 et seq., Vernon's Sayles' Ann. Civ. St. 1914, and Supplements thereto. During the year 1924 appellee, Daniels, leased and cultivated a truck farm "within the bounds of said district." It appears from the trial court's findings of fact, which are not questioned here, that on March 6, 1924, appellee went to appellant's main office at Harlingen and "ordered and paid for" water with which to irrigate six acres of cabbage on his farm; that the amount was paid to appellant's tax collector, who issued to appellee the usual receipt therefor; that appellant retained the amount, and has never refunded or offered to refund the same or any part thereof to appellee; that at the time appellee paid for the water "he was promised by (appellant) that (appellant) would furnish same on or about March 12"; that, although by the use of ordinary diligence appellant could have furnished sufficient water to irrigate the entire six acres of cabbage, it in fact furnished a sufficient amount to irrigate only two acres thereof; that under specific facts agreed to by the parties appellee's crop was damaged in the net sum of $552 by reason of appellant's failure to furnish water in accordance with its agreement with appellee. The court below rendered judgment in favor of Daniels against the district for the amount stated, and the latter has appealed.

[1, 2] As plaintiff below appellee alleged that the land in question, on which appellant failed to furnish water, was "located within the bounds of the defendant irrigation district," and appellant now contends in its first, third, and fourth propositions of law that the allegation is not sufficiently specific to show that said land "formed a part of Cameron county water improvement district No. 1," nor that said district "had a surplus of water above the amount requisite to irrigate the land forming a part of said district." The point of this objection is embraced in appellant's contention that it is provided in the statute that, if a given tract of land does not "form a part" of the district under conditions stipulated in the statute, the district shall be "under no obligation" to furnish water for the irrigation of such land, unless it has a surplus of water above the amount requisite to irrigate those lands actually forming a part of the district, or specially contracts to furnish such water. We think the allegation that appellee's land was "located within the bounds of" the district was sufficient, in the absence of special exception. Appellant's contention fails also by reason of the allegation that the district did in fact agree to furnish the water with which to irrigate appellee's land, and, that being true, it did not matter if the land did not strictly form a part of the district. We overrule the propositions indicated.

---

For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[3] Appellant asserts the proposition that its tax collector had no authority under the law to bind the district to furnish water to appellee; that only its board of directors were clothed with such authority. The trial court found, not only that the tax collector accepted payment in advance for the water, issued the official receipt therefor, and promised in behalf of appellant to furnish the water demanded, but that appellee "was promised by defendant that defendant would furnish" the water thus paid for; that appellant retained the money, undertook to and did furnish some of the water in pursuance of the agreement, and endeavored to furnish all the water promised to appellee. Under this state of facts appellant must be held to have ratified the assumed agency of its tax collector and confirmed the contract by whomsoever made in its behalf, and, by accepting and retaining the benefits of the payment, it is estopped from pleading ultra vires or asserting a want of authority in those making the contract in its behalf. Of course, if the statutes of appellant's creation had expressly provided that water takers could not recover from it except upon contracts made by particular officials or agents, it might under careful restrictions assert such provision as a defense. But no such provision seems to be contained in the statutes under which appellant was created and is operating. These conclusions require the overruling of appellant's second and fifth propositions.

It is provided in the statute (article 5107—95, 2 Vernon's 1922 Supp. p. 1411) that—

"Every person desiring to receive water during the course of the year, or at any time during the year, shall furnish to the secretary of the board of directors a statement in writing of the acreage intended by him to be put under irrigation, and for which water is to be used, and as near as may be, a statement of the several crops to be planted, with the acreage of each, and shall at the same time pay such proportion of the water charge or assessment therefor as may be prescribed by the board of directors. If such statement should not be furnished, or such payment should not be made before the date for fixing the assessments, there shall be no obligation upon the district to furnish such water to such person for that year."

[4] There is no showing in the record that appellee furnished appellant with the statements and data prescribed in the statute, or that his land was assessed for maintenance and operation purposes, or that he paid such assessment. Appellant contends that, unless he alleged and proved compliance with these provisions, appellee could not recover of appellant for damages occasioned by its failure to furnish water for appellee's lands. It is undoubtedly true that appellee was not in a position to demand of appellant that it furnish water with which to irrigate his farm until he had supplied the data and paid the assessment, for appellant was "under no obligation" to do so. But, if through its officers it saw fit to expressly assume that obligation, the statute did not prohibit it from doing so, or provide that in such case it would not be bound thereby. Here appellant, through its officers, did assume the obligation, for a valuable consideration, which it retained. So it will be bound. We overrule appellant's sixth and seventh propositions, in which these questions are presented.

The judgment is affirmed.