**BARNHART v. HIDALGO COUNTY WATER
IMPROVEMENT DIST. NO. 4.
(No. 7457.)**

(Court of Civil Appeals of Texas. San Antonio. Dec. 16, 1925. Rehearing Denied Jan. 13, 1926.)

**1. Waters and water courses ⬥⟶224—Irrigation district dissolved only at suit of state.**

Irrigation district is public corporation that cannot be dissolved or have its powers destroyed at suit of individual—only by state.

**2. Waters and water courses ⬥⟶263—Irrigation district may be sued for breach of contract.**

In view of express provision of Vernon's Ann. Civ. St. Supp. 1922, art. 5107—23 (Rev. St. 1925, art. 7655), providing that irrigation districts may sue and be sued, state has not made them immune to suit for damages for breach of private contracts.

**3. Waters and water courses ⬥⟶216—Law providing liability for failure of water improvement district to furnish water held not repealed.**

Acts 38th Leg. (1923) c. 174, amending Acts of 35th Leg. (1917) c. 87, § 70, did not repeal, either directly or by implication, Vernon's Ann. Civ. St. Supp. 1922, art. 5107—95, under which water improvement district was liable and could be sued for failure to furnish water.

**4. Waters and water courses ⬥⟶261—Water district required to furnish water where conditions are complied with.**

Under Acts 38th Leg., c. 174, providing that water district shall not be obligated to furnish water if specified conditions are not complied with, district is under duty to furnish water when conditions are complied with.

Appeal from District Court, Hidalgo County; L. J. Polk, Judge.

Action by M. A. Barnhart against the Hidalgo County Water Improvement District No. 4. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

Dawson, Henry & Walker, of Mission, for appellant.

Don A. Bliss, of San Antonio, for appellee.

COBBS, J. This suit was brought by appellant against appellee water improvement district, a corporation organized as an irrigation corporation, to recover damages for failure to supply water to appellant to irrigate his crops on his tract of land during the year 1924. The petition is too long to copy herein, but it sets out a good and sufficient cause of action. Appellee urged a general demurrer, which was sustained by the trial court, and the suit was dismissed.

The main issue involved and urged in this case is one of law; appellee contending that, because it is a public corporation, it is not liable for damages to one who has sustained damages by reason of the failure of the corporation to perform a public duty, in the absence of a statute which by direct terms or by necessary implication makes it liable. The general demurrer admits the allegations of the petition as true, and the only question for us to determine is whether appellant could sue the corporation, because of its sovereign nature, without statutory authority.

We have many times affirmed such judgments for damages based upon a failure of a water company to furnish water for irrigation purposes. Cameron County Water Improvement Dist. No. 1 v. Daniels (Tex. Civ. App.) 269 S. W. 1066.

[1] It is truly said that an irrigation district is a public corporation that cannot be dissolved or have its powers destroyed at the suit of an individual—only by the state. Engleman Land Co. v. Donna Irrigation Dist. (Tex. Civ. App.) 209 S. W. 428.

[2] The idea and theory upon which it is claimed no injured party suffering damages by reason of the breach of such corporation to supply water can sue for damages must be predicated upon the theory that the state grants so much of its sovereign power to such bodies to create and operate such institutions with many grants of power, such as assessing and collecting taxes, and therefore it is immune from the breach of private contracts in so far as to sue it and recover damages.

We have seen, generally speaking, that actions will lie against irrigation districts for the failure to supply water in proper cases. Kinney on Irrigation, vol. 3, § 1415, p. 2553; section 1667, p. 3066.

In Vernon's Statutes, Supplement 1922, it is expressly provided:

"Art. 5107—23. *District may Sue and be Sued; Judicial Notice of District; Contracts.* —All districts established under the provisions of this act may sue and be sued in any and all courts of this state in the name of such district, and all courts of this state shall take judicial knowledge and notice of the establishment of such district and the boundaries thereof, and such district shall contract and be contracted within the name of such districts."

See Ward Co. Water Improvement Dist. v. Ward Co. Irr. Dist. (Tex. Civ. App.) 222 S. W. 665; see same numbered section, vol. 2, in Vernon's Stats. 1918; Donna Irrigation Dist. No. 1 v. Piper (Tex. Civ. App.) 269 S. W. 159; Cameron County Water Imp. Dist. No. 1 v. Daniels, supra.

The irrigation laws in this state give the most ample and complete system to operate its business and to assess and collect taxes for its maintenance and give, as shown above, authority to sue and be sued. There could be no plainer grant of power than is given

by the right to sue and be sued. No language could be more plain. But on this very point the Supreme Court of California has discussed the subject:

"This language is quite as effective to subject the district to an action as the more common expression 'to sue and be sued.'"

That court then proceeds to define "appearance" and "defend," and to show that they mean the same thing, or as much as to "sue and be sued." Continuing, the court says:

"It is conceded that the state and its public agencies cannot be sued without express authority from the state itself, and that, as held in Re Madera Irr. Dist., 92 Cal. 296, 28 P. 272, 675 [14 L. R. A. 755, 27 Am. St. Rep. 106]: 'An irrigation district organized under the Wright Act becomes a public corporation, and its officers become public officers of the state.' Undoubtedly a general statute authorizing individuals or private corporations to sue or be sued would not be construed to include municipal corporations; but where, as here, the statute in question relates directly and exclusively to corporations formed under it, that part relating to its liability to sue or be sued must be determined by those rules of construction intended to aid in ascertaining the intention of the Legislature, for whatever power it does bestow is granted directly and expressly to such corporation. If such corporations may not be sued, no judgment can be rendered against them, whether they appear and defend or not, and certainly the Legislature did not intend that such actions should be profitless to the parties and only profitable to the attorneys, and perhaps not ever amusing to the court. The right to appear and defend implies the liability to be sued." Boehmer v. Big Rock Creek Irr. Dist. et al., 117 Cal. 20, 48 P. 908.

Also, see McPherson v. Alta Irr. Dist. et al., 14 Cal. App. 353, 112 P. 193; Hewitt et al. v. San Jacinto & P. V. Irr. Dist. et al., 124 Cal. 186, 56 P. 893. These last named cases are from California.

[3] It is admitted by appellee that by virtue of the provisions of article 5107—95, which were in force to April, 1923, a water improvement district was liable for failure to furnish water, but were changed by the amendment of that section by the Thirty-Eighth Legislature in 1923, chapter 174, which repealed and left out subdivision 95 of article 5107. The caption of that act was as follows:

"Chapter 174.

"An act to amend section 70 of chapter 87 of the Acts of the Regular Session of the Thirty-Fifth Legislature of Texas by providing for amortization and an emergency fund for water improvement and irrigation districts and directing the purpose for which said fund shall be expended and providing for its investment and to amend section 95 of said chapter 87 by providing the method and manner of making and collecting water assessments and declaring an emergency."

There was no repeal of section 95 thereof referred to in the caption of the act or in the body of the act, either by direct language or by implication, but it was simply adding to that act "the method and manner of making and collecting water assessments and declaring an emergency." It very carefully, in detail, gave to such companies certain rights in respect to making and enforcing contracts for the collection of its debts and assessments, including taxes.

[4] It required persons desiring to receive water to furnish a statement to the board of directors of the acreage to be put under irrigation, and for which water is to be used; statement of acreage of crops to be planted, etc., and to pay such charges as may be prescribed by the board of directors, but if that statement was not filed in time, or payment made "before date for fixing the assessments there shall be no obligation upon the district to furnish water to such person for that year." A fortiori then, when such obligation is complied with, it is the corresponding duty of the water district to furnish water. That becomes a mutual and binding obligation, not a unilateral contract. The Legislature never had in mind such an unfair contract.

The water district was given the power to "assess against all irrigable lands within the district pro rata per acre," and authorized to "require every person desiring water during the course of the year to enter into a contract with the district, which contract shall indicate the acreage to be watered; * * *" and further required that "the water taker shall execute a negotiable note or notes for such amounts or parts thereof * * *" and may "borrow money * * * and hypothecate any of its notes or contracts with water takers or accounts against them," giving to the district a prior and superior lien. "And if suit should be filed therefor or the same should be collected by any legal proceeding, an additional amount of ten per cent. on unpaid principal and interest shall be added to the same as collection or attorneys' fees, which collection fees as principal and interest of such assessments shall stand secured by the lien aforesaid," and such suits "may be brought either in the county in which the irrigation district is situated or in the county in which the defendant resides." If a district could not be sued the law would be entirely unfair and the contract unilateral, and thus the water taker's property could be taken without the due process of law provided for in other cases, which gives to parties their day in court.

But at least the law under discussion does not undertake or attempt to repeal any law in reference to the right of a water taker to sue for damages, but merely to provide "the method and manner of making and collecting water assessments and declaring an emergency." To show that the Legislature never intended to repeal the law granting the wa-

ter taker the right to sue, article 5107—23 was carried in Revised Civil Statutes of 1925 as article 7655, and copies and recites the article 5107—23 as set out above.

The petition stated a good and valid cause of action as against any general demurrer; and the judgment of the trial court is reversed, and the cause is remanded for another trial.