## HIDALGO COUNTY WATER IMPROVE-MENT DIST. NO. 2 v. HOLDERBAUM et ux. (No. 1078–4956.)

Commission of Appeals of Texas, Section A. Dec. 12, 1928.

D. F. Strickland, of Mission, D. W. Glasscock, of Mercedes, and Don A. Bliss, of San Antonio, for plaintiff in error.

Edward Yarbrough, of McCamey, for defendants in error.

NICKELS, J. Plaintiff in error is an entity organized per terms of what is now chapter 2, tit. 128, R. S. 1925. It constructed and at the times in question owned and operated, irrigation canals, etc. Defendants in error own a tract of land within the territory of the district, bounded on the south and east by a canal (and on the west by a barrow pit) of plaintiff in error.

That canal was so constructed and maintained as that: (a) "The base of said canal is much higher than the land over which it is built and much higher" than the surface of the Holderbaum tract. (b) At or in vicinity of the southeast corner of the tract "there is a sag in said canal whereby the bottom of same is much lower than at any other place along said canal, said sag beginning about the middle" of the Holderbaum tract's "east line." (c) Its waters (because of those levels of its bottom, etc.) "overflow and seep out of said canal and run onto and over" the Holderbaum tract "and continually flood same and stand thereon." And "at the southwest corner" and along the "west line" of the tract a barrow pit was constructed and has been maintained whose waters "seep out * * * onto" the tract "along the west side thereof" whereby "a large strip of land along the west line" has been rendered "useless" to the Holderbaums and whereby "a number of fruit trees" on the tract have been "ruined." In consequence, "18 acres" of the tract have become "useless and valueless." The "waterlogging" of the tract is progressive and "ruins" additional land each year. In this way Holderbaums' "land" has "been damaged in the sum of $5,162.50."

Injuries were alleged and damages in the sum of $2,254 claimed by reason of loss of crops planted in 1924 and 1925.

Plaintiff in error and "its agents, servants and employés were negligent in thus 'constructing and maintaining said canal' and continued so despite protests by defendants in error and urgence by them that something be done" to protect said land against the "seepage and overflow" described.

With averments of those facts and charges, defendants in error sued plaintiff in error and its "directors" for recovery of the "damages" stated. The defendants filed a joint answer, including a general demurrer (which was overruled), and exception (in behalf of "the directors" and each of them) to the effect "that all the alleged acts or omissions * * * complained of * * * were, or are their official acts as such directors and in such official capacity," and that "no facts are alleged sufficient to show any personal liability" on their part, and an exception (in behalf of the district) asserting "that the only duties owing by this district to plaintiffs were public in character" and because of its public nature it is not responsible for the negligent acts "of its officers or agents or em-

ployés in failing to perform their duty," which, it is said, is prescribed by law. The special exceptions were sustained. Holderbaum et ux. declined to amend, and the court held "that the sustaining of special exceptions * * * disposes of the case," and dismissed the suit at plaintiff's cost.

Upon appeal, the judgment was reversed, and the cause remanded. (Tex. Civ. App.) 297 S. W. 865. The Court of Civil Appeals treated the case as involving alone "the proposition * * * that the water improvement district is liable for the negligent acts of its officials and agents," and its action was rested upon the existence of that liability.

■ 1. "Damaging or destruction" on account of "public" use, required to be compensated (section 17, art. 1, Constitution), includes injury resultant (a) of construction of works and (b) of subsequent maintenance and operation. Gainesville H. & W. Ry. Co. v. Hall, 78 Tex. 169, 14 S. W. 259, 9 L. R. A. 298, 22 Am. St. Rep. 42. "Property" thus "damaged or destroyed" may be vicinal only (Gulf C. & S. F. R. Co. v. Eddins, 60 Tex. 656; Gulf C. & S. F. Ry. Co. v. Fuller, 63 Tex. 467; Gainesville, H. & W. Ry. Co. v. Hall, supra; Nussbaum v. Bell Co., 97 Tex. 91, 76 S. W. 430; Powell v. H. & T. C. R. Co., 104 Tex. 219, 135 S. W. 1153, 46 L. R. A. (N. S.) 615; Bigham Bros. v. Pt. Arthur Channel & Dock Co., 100 Tex. 192, 97 S. W. 686, 13 L. R. A. (N. S.) 656; Fort Worth Imp. Dist. v. Fort Worth, 106 Tex. 148, 158 S. W. 164, 48 L. R. A. (N. S.) 994; McCammon Lbr. Co. v. Trinity & B. V. R. Co., 104 Tex. 8, 13, 133 S. W. 247, 36 L. R. A. (N. S.) 662, Ann. Cas. 1913E, 870), and consist of tangibles or of any of the "several rights of ownership recognized by law with respect to" tangibles (McCammon Lbr. Co. v. Trinity & B. V. R. Co., supra; Powell v. H. & T. C. R. Co., supra; Bigham Bros. v. Pt. Arthur Channel & Dock Co., supra; Galveston, H. & S. A. R. Co. v. De Groff, 102 Tex. 433, 118 S. W. 134, 21 L. R. A. [N. S.] 749).

■ 2. The "damaging or destruction" (as the "taking") required (in section 17, art. 1) to be compensated, presupposes its infliction by the state or by state authority. The "district," whatever its degree as a public or governmental agency (section 59, art. 16, Constitution), has no immunity from liability for injuries referred to in section 17, art. 1.

■ 3. The special exception urged in behalf of the "district" is too narrow to reach the cause of action pleaded, even if it be true that the "district" (account of its public nature) is not within the field of respondeat superior. For the canals, etc., were built and maintained for or on account of a public use. As located, constructed, and maintained apparently in the public use they accumulated waters and injected them into and onto the adjoining tract bringing "damage" to that

land, and (at least for one year) to a planted "crop." Those things are alleged as facts.

Prima facie at least, what has been done by the officers and agents of the district was done with authority of the "district." If, on hearing, it does not appear that the acts causing the injury were done without authority, the "district" will be liable, and its officers immune, even if the "district" is to be considered a governmental agency of the highest order. Nussbaum v. Bell Co., supra; Fort Worth Imp. Dist. v. Fort Worth, supra. Upon the assumption of that character for the "district," damaging acts, etc., done by officers and agents without authority, leave the "district" immune and the officers liable. Id.

■ The facts are sufficiently averred to present either hypothesis of liability; and the addition of some possibly incongruous deductions about negligence does not in our liberal system of pleading exclude the cause or causes of action set up. Gulf, C. & S. F. Ry. Co. v. Levy, 59 Tex. 543, 46 Am. Rep. 269.

It results that the court erred in sustaining each of the special exceptions and in dismissing the case thereupon, and that, without regard for the presence or absence in the "district" of the ordinary municipal character which includes liability for negligence of servants. Exact character of the "district" is a matter not essential to decision of the case presently made.

4. We recommend affirmance of the judgment of the Court of Civil Appeals.

GREENWOOD and PIERSON, JJ. Judgment of the Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.