## HIDALGO COUNTY. WATER CONTROL AND IMPROVEMENT DIST. NO. I v. PETER et al. (No. 8267.)

Court of Civil Appeals of Texas. San Antonio. Nov. 13, 1929.

Rehearing Denied Dec. 11, 1929.

Neal A. Brown, of Edinburg, for appellant. J. F. Carl, of Edinburg, for appellees.

FLY, C. J. This suit was instituted by J. S. Peter and W. N. McGee and wife, Mrs. I. M. McGee, against the Hidalgo county water control and improvement district No. 1, for damages in the sum of $35,000, alleged to arise from the seepage of water from a ca-nal; said seepage being caused through the negligence of appellant. The cause was submitted to a jury on 19 special issues, and upon their answers thereto judgment was rendered in favor of J. S. Peter, for $2,218 as damages to his land, and to J. S. Peter and Dr. W. N. McGee and wife, $650 for the cotton crop and $200 for the corn crop lost in 1927; one-fourth of the $850 being in favor of Peter and the other three-fourths in favor of McGee and wife.

The brief contains 108 printed pages, with 42 assignments of error, 30 propositions, in support of which 103 authorities are cited, and there are over 200 pages in the statement of facts.

The evidence showed that the land of J. S. Peter lay contiguous to a canal running off from the main canal and that the land was higher than the water in the main canal. In order to force the water up the side canal to the land owned by Peter and others, it was necessary to close the gate on the main canal near the point of digression of the lateral canal so as to "back it" up the latter. The gate would retain the water until the main canal became so full that it would back up the side canal and then flow through ditches to the land of Peter and others above him. When the gate was opened the water left in the side canal would return to the main canal unless held up by the check gate. The canal running along the land of J. S. Peter was used at times as a place for storage of surplus water, which would seep out upon the adjoining land. The evidence tended to show that the water was unnecessarily held in the location where the land was located. There was evidence to sustain the finding of the jury that appellant was negligent in confining the water in the canal and thus causing seepage into Peter's land, and that 22.18 acres of the land was damaged in the sum of $100 on each acre, which was one-half its value. The jury also found that the McGees, tenants of Peter, had 26 acres of cotton so injured that it made no crop, when it should have made 13 bales of cotton and 16 acres of corn. The cotton crop was valued at $650 and the corn at $200. This was for the crop of 1927.

The first and second propositions are overruled. It is no longer an open question that water control and improvement districts are liable in damages for their torts. In a case involving damages from seepage this court held this water improvement district liable. Holderbaum v. Hidalgo County Water Improvement District No. 2 (Tex. Civ. App.) 297 S. W. 865. The decision of this court was affirmed by the Commission of Appeals and approved by the Supreme Court. 11 S.W.(2d) 506.

The third proposition is without merit and is overruled. The land was sufficiently de-

scribed and appellant could have made an examination of it had it desired. The proposition is argumentative and is without merit, and it, together with the fifth, sixth, seventh, eighth, and nine propositions, which are to the same effect, are overruled.

There was no claim that appellant was an insurer against damage and negligence was clearly alleged. The tenth, eleventh, and twelfth propositions are overruled.

The verdict did not include prospective damages, but only those which had actually accrued, and it would be a waste of time to consider the academic and impractical matter presented in the thirteenth proposition. It is clear that the injury to the land as well as the destruction of the crops growing thereon were legitimate subjects of damage, and the thirteenth and fourteenth propositions are overruled, as well as the fifteenth, which is purely academic.

The testimony of the witness Parish that the water was not backed up in the canal after the suit was brought does not fall within the reason for excluding testimony as to repairs of an instrumentality after an accident caused by a defect in such instrumentality. The ground for not admitting evidence of repairs after the accident is one of public policy. As said by the Supreme Court in Texas Trunk Railway Co. v. Ayres, 83 Tex. 268, 18 S. W. 684, 685: "It has been more than once held in this state that it is not competent to admit that character of proof as evidence of a confession or an admission of negligence against the defendant in controversies like the present. These decisions base the rule upon considerations of public policy, as likely to deter the defendant from repairing the defects in its machinery and appliances, etc., after an injury is charged to such defects, if it must do so at its peril, knowing that the reparations or improvements will be considered as an admission of guilt or negligence." To the same effect are Gulf, C. & S. F. Railway Co. v. McGowan, 73 Tex. 355, 11 S. W. 336, and Missouri Pac. Railway Co. v. Hennessey, 75 Tex. 155, 12 S. W. 608. In this case no repairs were made nor attempted to be made in the canal. Appellant claimed that it was necessary to back the water up the offshoot canal not only for irrigation purposes but for storage purposes, and appellees had the right to show that no water had been backed up in the canal since the suit was filed. Stronger testimony on the subject was admitted without objection by appellant. On cross-examination, Mrs. I. N. McGee swore: "I stated to Judge Carl that when this suit was filed the district quit running water through that canal, quit backing it up on me, only when necessary. It is not being run out there by the district just like it was before I filed suit. The water gate is the same but you don't use it as a reservoir any more."

The manager, Withers, swore that it was so used. The sixteenth proposition is overruled.

The seventeenth proposition is untenable. It claims error because the court submitted 15 issues before the issue of contributory negligence was submitted. The objection to the charge is: "Because the special issues submitted are not logically and chronologically arranged, in that the court in issue five has the jury find on the amount of land injured, before submitting the issue of contributory negligence raised by defendant's pleadings and evidence, which irregular submission of the issues would tend to confuse the jury in answering the same." We know of no rule or decision requiring a court to submit the charges "logically and chronologically," nor indicating in what part of a charge the charge on contributory negligence should be placed, and certainly the eight decisions cited by appellant in no way sustain the proposition.

The proper measure of damages was submitted, as applicable to the facts, and the eighteenth proposition is overruled, as well as the nineteenth, which is without merit.

The twentieth, twenty-first, twenty-second, and twenty-third propositions assail the charge and are without merit and are overruled. The twenty-fifth proposition has been fully met in connection with another proposition. No one questioned the right of appellant to build its canals, nor the right to put water in them, but to use such water negligently and thereby damage the property of others. All the other propositions are overruled.

The judgment is affirmed.