## CAMERON COUNTY WATER IMPROVEMENT DIST. NO. I v. PARKHURST.

### No. 8729.

Court of Civil Appeals of Texas. San Antonio. Feb. 3, 1932.

Greenwood & Lewis, of Harlingen, for appellant.

Criss & Brown and John C. Myrick, all of Harlingen, for appellee.

FLY, C. J.

Appellee sued appellant to recover $5,620, damages suffered by reason of a failure of appellant to furnish irrigation water for use on land rented by appellee. The cause was submitted to a jury on special issues, and on their answers judgment was rendered in favor of appellee for $350.

The contract for the delivery of water was alleged to have been made orally by Bobo, president and general manager of appellant, and not by the board of directors. It was not pleaded that appellee had requested the water of appellant in writing as required by statute. Article 7751, Revised Statutes, provides that contracts for water shall be in writing and shall be made by and through the board of directors of the corporation, and it has been held by this court that contracts made by any officer of the corporation are not legal and binding. Hidalgo County Water Dist. v. Gannaway (Tex. Civ. App.) 13 S.W.(2d) 204; Hidalgo County Water Dist. v. Quick (Tex. Civ. App.) 13 S.W.(2d) 209. Appellee had no legal contract with appellant, and, such a contract being null and void, could not be ratified in any way except possibly by direct action of the board of directors. No action of the board of directors either on the contract or in the way of ratification was alleged or proved. Tex. Jur. Vol. 10, p. 107, § 62. The case of Cameron County Water Dist. v. Daniels (Tex. Civ. App.) 269 S. W. 1066, does not sustain the claim of ratification by appellee. The question of a written contract was not involved, the only question being as to whether an application for water made at the office of the water company was sufficient when accepted by the company. In the present case there was no written contract for water, no request for water, and no ratification by the company.

Let it be granted that appellant had made a legal contract to furnish water to appellee; still, if any damages were inflicted on appellee, they must have arisen from a failure to furnish water, and not on account of defects in a flume through the railroad embankment, nor any other defect in the instrumentalities used by appellant. The question of a failure to furnish water to appellee was not presented to the jury by the court, the only two issues being:

"Special Issue No. 1. Did Cameron County Water Improvement District No. 1 use due diligence and care in the construction of the flume under the railroad bordering on Block No. 1, N. T. Masterson Subdivision? Answer yes or no.

"Special Issue No. 2. What damage, if any, expressed in dollars and cents did the plaintiff D. F. Parkhurst, suffer as the direct and proximate result of the faulty construction of said flume?"

If damaged at all, appellee was damaged by a failure to obtain water at the proper time from appellant, no matter what caused such failure to furnish water, which would be the direct and proximate cause of the damages. This proximate cause was never submitted to the jury, but the case was made to turn on the defective condition of some agency employed by appellant to furnish water. The court ignored the question of water and made the whole case revolve around the defective flume. It is evident that there has been no legal trial of the cause.

The judgment is reversed, and the cause remanded.